IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CHESNUT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRYAN J. CHESNUT, APPELLANT.

Filed March 10, 2020.    No. A-19-213.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge, on appeal thereto from the County Court for Scotts Bluff County: KRIS D. MICKEY, Judge. Judgment of District Court affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, Chief Judge, and ARTERBURN and WELCH, Judges.

ARTERBURN, Judge.

INTRODUCTION

After a jury trial in the county court, Bryan J. Chesnut was convicted of driving while intoxicated. Chesnut appealed his conviction to the district court, which affirmed the conviction under a plain error review. Chesnut now appeals to this court. On appeal, Chesnut alleges that the district court erred in denying his motion to file his statement of errors out of time and, thus, erred in reviewing his conviction only for plain error. Chesnut also alleges that the county court erred in overruling his motion to suppress and in permitting the State to introduce evidence that he submitted to a breath test when the results of such test were not permitted into evidence. For the reasons set forth herein, we affirm the decision of the district court which affirmed Chesnut's county court conviction.

- 1 -

BACKGROUND

On September 23, 2017, Officer Kristin Massie with the Gering Police Department was working the night shift when she observed a vehicle which was driving "in excess" of the posted speed limit. Massie followed the vehicle as it entered a residential area. She initiated a traffic stop after the vehicle had turned into a driveway and parked in a garage. Chesnut stepped out of the vehicle and approached Massie as she walked up the driveway. When Massie first contacted Chesnut, she immediately noted that he was "very friendly" with her. When she asked Chesnut to retrieve his vehicle's registration and his proof of insurance, he was easily distracted from the task, he dropped his keys without noticing, and he had "fumbling fingers." Ultimately, Chesnut was unable to locate the requested documentation in his car. Massie observed that Chesnut had bloodshot eyes and she smelled the odor of alcohol on his person. She asked Chesnut if he had been drinking and he responded, "yes." Chesnut admitted to drinking "enough" and said that he had consumed three mixed drinks while at the bowling alley. Chesnut participated in multiple field sobriety tests, during which Massie observed impairments. Chesnut was placed under arrest, and he later submitted to a test of his breath.

On October 10, 2017, the State filed a complaint in the county court charging Chesnut with driving while intoxicated (over .15), first offense, a Class W misdemeanor. Chesnut filed a motion to suppress, asking the court to suppress all evidence obtained as a result of the unlawful "stop, arrest, and seizure[.]" At the hearing on the motion, Chesnut appeared to argue that evidence obtained during the traffic stop should be suppressed both because Massie did not have cause to initiate the stop when she did not know precisely how fast his vehicle was traveling and because she did not have probable cause to believe he had been driving while under the influence of alcohol and, thus did not have probable cause to arrest him.

At the hearing, Massie testified regarding her stop and interaction with Chesnut on September 23, 2017. In addition, former Gering Police Department Officer Chris Perales testified regarding his observation of Chesnut's vehicle that night. He, too, testified that he observed Chesnut's vehicle "to be traveling at a speed higher than the posted speed limit." However, Perales conceded that neither he nor Massie was using radar equipment at the time they observed Chesnut's vehicle.

The county court overruled Chesnut's motion to suppress. In its order, the court stated:
[T]he evidence shows the officer had reasonable, articulable suspicion that [Chesnut] may have been operating the motor vehicle in violation of the law upon observing [Chesnut] speeding through a residential location, being unusually "happy" upon contact, fumbling and dropping his keys, taking an extraordinary amount of time to locate the documentation requested, observing the odor of alcohol coming from him, and upon Chesnut admitting to consuming three "Jack and Cokes" at a local bowling alley.

After the county court entered its order overruling Chesnut's motion to suppress evidence, both Chesnut and the State notified the court that new information had come to light regarding the test of Chesnut's breath which was performed after his arrest. The State conceded that because of certain administrative issues with the certification of the testing equipment, the results of Chesnut's

breath test were not admissible during trial. The State did, however, indicate its intention to offer evidence that Chesnut had, in fact, submitted to a breath test after his arrest. The State argued that evidence that a breath test was given to Chesnut was relevant to providing the jury with a full description of the officers' investigation. The State indicated it intended to stop short of offering into evidence the results of such test. Chesnut objected to the admission of any evidence concerning the breath test because the evidence was more prejudicial than probative. The county court overruled the objection.

At trial, Massie again testified regarding her stop and interaction with Chesnut on September 23, 2017, as described above. She also testified that after Chesnut's arrest that night, he submitted to a test of his breath. Massie then explained that, ignoring the results of Chesnut's breath test, she believes he was driving under the influence of alcohol based upon her interactions with him, the odor of alcohol coming from his person, his admission that he had drank multiple alcoholic beverages prior to driving, and his performance on the field sobriety tests. Perales also testified to his opinion that Chesnut was unable to operate a vehicle in a safe and prudent manner due to his alcohol related impairment at the time of the traffic stop.

The jury found Chesnut guilty of driving while intoxicated. The county court subsequently sentenced Chesnut to 12 months of probation and ordered his driver's license revoked for a period of 60 days.

Chesnut timely appealed his conviction to the district court on May 23, 2018. On October 31, Chesnut filed a motion requesting that he be permitted to file a statement of errors out of time. In the motion, he provided no rationale for having failed to file his statement of errors at an earlier time. After a hearing, a transcription of which is not included in our record, the district court denied Chesnut's request to file his statement of errors out of time.

Because Chesnut failed to timely file a statement of errors, the district court reviewed his conviction for plain error. The court found no plain error: "The evidence was sufficient for the conviction. [Chesnut] was convicted of DUI-First Offense and sentenced well within the sentencing range. Because the Court finds no plain error that was not complained of at trial, the Order of the County Court is affirmed."

## ASSIGNMENTS OF ERROR

Chesnut now appeals to this court, alleging that the district court erred in (1) denying his motion to file his statement of errors out of time and (2) reviewing his driving while intoxicated conviction for plain error only. Chesnut also alleges that the county court erred in (1) overruling his motion to suppress and (2) permitting the State to introduce evidence that he submitted to a breath test when the results of such test were not permitted into evidence.

## STANDARD OF REVIEW

A district court's ruling on a motion to extend the time for filing a statement of errors in an appeal from the county court is reviewed for an abuse of discretion. *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018).

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to

leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id*.

ANALYSIS

We first address Chesnut's assertion that the district court erred in denying his motion to file his statement of errors out of time. It is clear that Chesnut did not file a timely statement of errors. Neb. Ct. R. § 6-1518 provides in relevant part:

> Within 10 days of filing the bill of exceptions in an appeal to the district court, the appellant shall file with the district court a statement of errors which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the cause will be limited to errors assigned and discussed, provided that the district court may, at its option, notice plain error not assigned.

The original bill of exceptions was filed in the district court on July 13, 2018. Chesnut did not request to file his statement of errors out of time until October 31, more than 3 months after the bill of exceptions was filed. Pursuant to the language of § 6-1518, it is clear that Chesnut did not timely file his statement of errors because well over 10 days passed after the bill of exceptions was filed without Chesnut having filed any statement of errors.

However, in his brief on appeal Chesnut asserts that his subsequent filing of a supplemental bill of exceptions on November 21, 2018, extended his time to file a statement of errors: "When the bill of exceptions is allowed to be supplemented, it is the supplemented date that starts the 10 days for filing." Brief for appellant at 18. Chesnut failed to provide any citation to support his generalized assertion and, upon our own search, we have failed to find any such rule of law. We, thus, decline to read into § 6-1518 this exception to the rule requiring a statement of errors to be filed within 10 days of the filing of the bill of exceptions. Furthermore, as we discuss more thoroughly below, because Chesnut failed to provide us a bill of exceptions from the hearing on his request for an extension of time to file the statement of errors, it is not clear whether he raised this issue to the district court. In the absence of plain error, where an issue is raised for the first time in a higher appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Lackman v. Rousselle*, 257 Neb. 87, 596 N.W.2d 15 (1999).

We do, however, recognize that a district court has discretion to extend the time for filing a statement of errors. In *Houser v. American Paving Asphalt, supra*, the Nebraska Supreme Court specifically held that a district court has discretion to extend the time for filing a statement of errors. However, the court indicated that "this discretion is not unlimited." *Id*. at 18, 907 N.W.2d at 28. The court provided some general guidance for the district court's exercise of this discretion:

> Numerous situations are possible. For example, an appellant may recognize the omission before an opponent or the court has responded. An opponent may have responded, but only in a summary fashion. An opponent may have submitted a full brief relying on the omission. Or the omission may not have been noted until after the appeal was submitted to the district court. The specific circumstances should drive the court's exercise of discretion.

> And it is important whether the circumstances are rooted in the moving party's own neglect.

*Id*. at 19, 907 N.W.2d at 29. In *Houser v. American Paving Asphalt, supra*, the Supreme Court ultimately decided that the district court had abused its discretion in granting the motion to extend the time for filing a statement of errors where appellant's request for the extension of time came after it had filed a brief and the appellee had filed a responsive brief. The court found that "[t]he circumstances were ordinary and rooted in [appellant's] own neglect." *Id*. at 19, 907 N.W.2d at 29.

Here, Chesnut asks us to find that the district court abused its discretion in denying his request to file his statement of errors out of time. However, Chesnut has not presented the bill of exceptions from the hearing on his request in order for us to be able to review the district court's decision. In fact, because Chesnut did not include any explanation or rationale for his failure to file the statement of errors in a timely fashion in his motion, we are unaware whether the failure was rooted in Chesnut's own neglect or whether there were other pertinent circumstances to consider. Ultimately, without a record from the hearing, we cannot determine whether the district court's denial of the request to file the statement of errors out of time was an abuse of discretion. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015).

Having found that we have no ability to review the district court's decision with respect to the motion to file a statement of errors out of time, we also must find that the district court did not err by only conducting a plain error review on the appeal from the county court. And, since the district court only conducted a plain error review, we are similarly limited to determining only whether plain error exists in the record. When an appellant fails to file a statement of errors in the district court, an appellate court may at its discretion consider errors assigned in the appellate court, provided that the record shows that those errors were also assigned in the district court. *Lindsay Ins. Agency v. Mead*, 244 Neb. 645, 508 N.W.2d 820 (1993); *State v. Zimmerman*, 19 Neb. App. 451, 810 N.W.2d 167 (2012). In *Zimmerman*, we elected to consider the appellant's assignment of error in that the issue assigned was fully considered by the district court. Here the district court did briefly address Chesnut's motion to suppress and the admission of exhibit 11 (rules and regulations regarding blood and breath tests) in its order on appeal. However, the court made clear in its order that its review was for plain error only. As such we decline to give full review to Chesnut's final two assignments of error regarding his motion to suppress and the admission of evidence regarding the administration of the breath test.

Like the district court, we find no plain error in the county court proceedings. We first note that Chesnut's assignment of error with respect to the admission of evidence of the breath test appears to be broader than what was argued and briefly considered by the district court. In its order, the district court only addressed the admission of exhibit 11, not the totality of the evidence relating to the administration of the breath test. In any event, we find no plain error in the admission of any evidence offered against Chesnut, be it related to the motion to suppress, exhibit 11, or otherwise. Moreover, the totality of the evidence presented supports Chesnut's conviction for driving while intoxicated and his sentence is within statutory limits.

## CONCLUSION

We affirm the decision of the district court to review Chesnut's appeal for plain error given that he did not timely file a statement of errors. In our own plain error review, we affirm the decision of the district court which affirmed Chesnut's county court conviction for driving while intoxicated.

AFFIRMED.